# EXHIBIT 2

**Exhibit 2**

Filed: 4/28/2021 3:46 PM
Lynne Finley
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 52922911

CAUSE NO. 296-02231-2021

| | | |
|---|---|---|
| PEGGY LOAR | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| BEST BUY STORES, L.P. AND | § | |
| BEST BUY IN ITS ASSUMED | § | |
| AND COMMON NAME | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Peggy Loar ("Plaintiff") files this Original Petition complaining of Defendants Best Buy Stores, L.P. and Best Buy in its Assumed and Common Name ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tendered the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Peggy Loar is an individual residing in Collin County, Texas. The last three digits of her driver's license are 330 and the last three digits of her social security number are 461.

4. Defendant Best Buy Stores, L.P. an entity doing business in this state and may be served through its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas,

Plaintiff's Original Petition - Page 1 of 7

Texas 75201.

5. Defendant Best Buy in its Assumed and Common Name an entity doing business in this state and may be served through its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## VENUE AND JURISDICTION

6. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## ASSUMED NAMES

7. Pursuant to TEX. R. CIV. P. 28, Plaintiff hereby gives all Defendants notice that they are being sued in all of its business, common, trade, or assumed names regardless of whether such businesses are partnerships, unincorporated associations, individuals, entities, and/or private corporations. Plaintiff hereby demands that upon answering this suit, Defendants answer in its correct legal name(s) and assumed name(s).

## FACTS

8. This lawsuit is based on an incident occurring on or about August 25, 2018 at Best Buy located at 8700 Preston Rd Ste 111, Plano, Texas 75024 (hereinafter referred to as "The Premises").

9. At the time of The Incident, Defendants were the owners and/or possessors of the Premises.

10. At the time of the incident, Plaintiff was lawfully on the Premises as a business patron invitee and the Defendants owed a duty to protect her from the condition made the basis

of this lawsuit (herein referred to as "The Incident").

11. At the time of the incident, Plaintiff was shopping for home appliances at the Best Buy in question. There was a product display platform that was empty and was approximately 3 inches tall making it impossible for Plaintiff to identify while browsing the appliances. Plaintiff tripped over the empty product display platform, fell and was severely injured. Defendant's employees' failed to properly identify this hazardous condition posed to its customers and Plaintiff. Through Defendant's employees' negligent actions, the unsafe condition was created by leaving an empty display platform on the store floor and not properly warning store patrons of it.

12. The Incident was proximately caused by the existence of a condition on the premises that was unreasonably dangerous and constituted an unreasonable risk of harm.

13. Defendants knew or should have known of the danger such condition posed and failed to warn Plaintiff of the danger.

14. Plaintiff did not have actual knowledge of the danger.

15. Plaintiff suffered severe and life altering injuries and damages.

## CAUSES OF ACTION

### Negligence (Negligent Activity) and Premises Liability

16. At the time of the Incident, Defendants were the owners and/or possessors of The Premises.

17. Plaintiff was an invitee of Defendants. Defendants owed Plaintiff a duty to protect her from the condition made the basis of this suit.

18. At the time of The Incident, Plaintiff was on the premises of Defendant when Plaintiff

Plaintiff's Original Petition - Page 3 of 7

tripped over and empty product display platform, fell, and was severely injured. This empty product display platform, coupled with the lack of a warning, posed an unreasonable risk of harm. Defendants knew or should have known about this unreasonable risk of harm. Defendants created and/or failed to timely and appropriately remedy the hazard which caused Plaintiff's injuries. Defendant failed to adequately warn Plaintiff of the unreasonably dangerous condition and failed to make the condition reasonably safe.

19. On the occasion in question, Defendants acting through its agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

   a. In failing to maintain the premises in question in safe condition and free of hazards to Plaintiff and other invitees on the premises;
   b. In failing to warn invitees, including the Plaintiff of the dangerous condition of the premises in question;
   c. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the condition in question;
   d. In failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;
   e. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;
   f. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe; and
   g. In failing to give adequate warnings to its consumers.

20. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and/or a violation of the listed duties, which proximately caused the incident at bar and Plaintiff's injuries and damages.

### PERSONAL INJURIES AND DAMAGES

21. As a result of Defendants' negligent actions, Peggy Loar suffered personal injuries. Consequently, Peggy Loar seeks recovery of the following damages:

   a. <u>Medical Expenses:</u> Peggy Loar incurred bodily injuries which were caused by The Collision and Peggy Loar incurred medical expenses for treatment of such injuries. Peggy Loar believes that, in reasonable medical probability such injuries will require the need for future medical care.

   b. <u>Loss of Earning Capacity</u>: Peggy Loar lost earnings as a result of the personal injuries sustained in The Collision. Peggy Loar reasonably believes that such injuries will diminish Peggy Loar's earning capacity in the future.

   c. <u>Physical Pain</u>: Peggy Loar endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

   d. <u>Mental Anguish</u>: Peggy Loar endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.

   e. <u>Disfigurement</u>: Peggy Loar endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

   f. <u>Impairment</u>: Peggy Loar endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

## AGGRAVATION

22. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## U.S. LIFE TABLES

23. Notice is hereby given to the Defendants that Plaintiffs intend to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statics

Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.

## RELIEF SOUGHT

24. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

25. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief of over $250,000 but less than $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

26. Plaintiff requests that Defendants be cited to appear and answer and that this case be tried after which Plaintiff recover:

   a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
   b. Pre-judgment interest at the maximum amount allowed by law;
   c. Post-judgment interest at the maximum rate allowed by law;
   d. Costs of suit; and
   e. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

REYES | BROWNE | REILLEY

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**